RECEIVED

APR - 1 2019

CLERK. U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
/DEPUTY

Mandi Marie Funk

10202 Barron Field

San Antonio, Texas 78245

April 1, 2019

## IN THE UNITED STATES FEDERAL DISTRICT

## COURT FOR THE DISTRICT OF TEXAS

Mandi Marie Funk

Plaintiff

Vs.

Oscar L. Cantu Jr,

Law offices of Oscar Cantu

Carmen Romo

Unknown Associates of

Request for Jury Trial

Reserve the Right To Amend

SA19CA0327 OG

Case #_____

## 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR NON- JUDICIAL WRONGFUL FORECLOSURE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Mandi Marie Funk, proceeding *in propia persona*, and files civil lawsuit for wrongful foreclosure on the property located at 10202 Barron Field San Antonio, Texas 78245. I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law. The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court

proceed under Common Law Jurisdiction. I'm only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdiction are Common Law, and Admiralty Jurisdiction. If the court chooses to proceed under Admiralty Jurisdiction, I' will need the court to inform me where I' can find the rules of procedures for admiralty jurisdiction for my review, to avoid a violation of my due process, which will result in a civil claim against the court for obstruction of the administration of justice. Plaintiff States the exact accounting of the accounting entries are not provided because the original promissory note was bundled and sold in the securitization process. The Original Promissory note that evidences the alleged debt was never provided in the foreclosure paperwork to verify a loan was made. The promissory note includes the interest rate, the payment amounts and terms, it will have the signatures of the parties to the contract, and the buyer's promise to pay the lender the amount borrowed plus interest. The wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the lender to verify a loan was provided to the plaintiff. There is no admissible evidence to verify the lender signed a contract to provide a loan. The mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear. The plaintiff is properly claiming the foreclosure is "Void" due to the fact the wrong beneficiary executed the power of sale clause without standing. Plaintiff demands that his *Pro se* status be recognized, and treated by the Court as The United States Supreme Court, and US District Courts have held such status be recognized and treated. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); see also *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). "We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally". *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The exact accounting of the accounting entries are not provided because the original promissory note was bundled and sold in the securitization process.

## Jurisdiction:

The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. The Constitution vests federal courts with the authority to hear cases "arising under the Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## FACTS OF THE DISPUTE:

a. The fact the defendant's filed wrongful foreclosure lawsuit in State court against the plaintiff will verify the defendant's contracted to provide a loan to the plaintiff, and the defendant's owed a legal duty to the plaintiff.

b. The defendant's duty was breached because they never provided a loan to the plaintiff.

c. The alleged loan was an exchange, of the plaintiff's signed promissory note for electronic credits from Federal Reserve.

d. Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

e. The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendant's.

f. These records include: a. FR 2046 balance sheet, b. 1099-OID report, c. S-3/A registration statement, d. 424-B5 prospectus and, e. RC-S & RC-B Call Schedules.

g. The corporation never registered the commercial instrument because they knew it was a financial asset to the debtor, and there was a breach.

h. The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury.

All of the monthly payments made on a fake loan plus interest for the number of year's payments were made, legal expenses. Three filed Bankruptcy cases totaling $930.00. Attorney fees and escrow paid to for first hired Attorney $7100.00. Attorney fees paid to second hired Attorney $4100.00 . $400 in consultation fees with Attorneys. Theft of equity in the form of Attorney co-conspirating with Defendants and disposing of, manipulating signed monthly payments receipts made to Carmen Romo totaling no less than $18000.00. Theft in the form of Defendant's claim that the $10000.00 deposit was not fully paid. The amount Plaintiff, Mandi Marie Funk has receipts left after the theft showing payments made totaling $90457.00 A complete total of $130987.00 that was intentional and excessively reckless. The Substitute Trustee Sale was done without proper authority due to The Appointment of Trustee was filed after the sale / auction. The sale/auction being held on March 5 2019 and the Appointment of Substitute Trustee being filed into Bexar County Property Records on March 8 2019, infact creating a defective sale

j. The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong). Further more the sale /auction price /bid for the property 10202 Barron Field San Antonio, Texas 78245 also known as Lot 62 Block 12 Heritage Park Subdivision Unit-6 is grossly underbid compared to the grossly inflated Bexar County Appraisal Value of the property with sure intent to procure a hopeful / alleged deficiency against Mandi Marie Funk, revealing a scheme for Profit and wrongful foreclosure. The Trustee Notice of Substitute Trustee Sale, The Appointment of Substitute Trustee, The Trustee Deed all contain a legal description that does not match the legal description on the Wrap Around Warranty Deed and the legal description on the Wrap Around Deed of Trust causing the sale of property which was purchased on bid credits by Carmen Romo, in fact a wrongful foreclosure.

k. Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because he did not have legal authority to execute the power of sale clause in the deed of trust, and therefore the "Notice of Notice of Default and Election To Sell" document has a

"Fatal Defect" which robbed the legal system of Jurisdiction and the Non – Judicial foreclosure is unlawful.

l. The legal Trustee is the only person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust was never registered into the trust, because it was bundled and sold during the securitizing process.

m. The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of notice of default and election to sell document.

n. Without that Note, the defendants cannot verify there was any debt.

o. It is well known in the legal community **a trust deed** is always used together with a **promissory note** that sets out the amount and terms of the alleged loan.

p. The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, another fatal flaw to the wrongful foreclosure.

Plaintiff's claims are brought forward Under Common Law:

### Elements for Common Law:

1. Controversy (The listed defendants)

2. Specific Claim (wrongful foreclosure)

3. Specific Remedy Sought by Claimant (5.5 million dollars)

4. Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

### I. PARTIES:

1.1 Mandi Marie Funk is a resident of Bexar County, Texas.

1.2 First Franklin, Wells Fargo Home Mortgage, JP Morgan Chase Bank N.A.  does business in the state of Texas and at relevant times serviced a loan acquired by Carmen Romo, Carmen Romo and Associates yet to be named and ultimately by the Federal National Mortgage Association.

1.3 The Romos associates and  / Oscar Cantu are believed to be a law firm corporation operated from Texas and California and is in the business of conducting non-judicial foreclosures in Bexar County, Texas.

## II. FACTUAL ALLEGATIONS AND FIRST CLAIM: BREACH OF CONTRACT

2.1 On or about  the plaintiffs, Dec 22, 2011  Mandi Marie Funk purchased a home and obtained a mortgage loan, in the format of seller financing, from  Carmen Romo, in the approximate amount $85500.00 aquiring a $10000.00 deposit. The first signed contracts were  to spread the payments over 360 months with a title company Mission Title (Lucinda Sullivan) no balloon payment. At the closing held at West and West Attorneys Office in San Antonio Texas Mandi Marie Funk was told the papers are all the same and to sign. Three weeks later Mandi Marie Funk received closing documents in the mail from West and West Attorneys / Stewart Title Company / Carmen Romo that contained financing for 5 years and a balloon payment.

2.2 The plaintiff was never provided a loan, plaintiff's signed promissory note was the source of the electronic credits claimed to be a loan to plaintiff.

2.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

2.4 **These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset.  This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.**

2.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

2.6 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

2.7 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

2.8 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because for a commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC1. It then becomes a registered security and a financial asset that can be negotiated.

2.9 The defendant's further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

3.0 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendant's failed to file evidence on the record to prove a contract existed.

3.1 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

3.2 The Attorney who signed the "notice of default" document to execute the power of sale clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

### III. SCHEME TO DEFRAUD:

3.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

3.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

3.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement

holder in the asset. **But the defendant's do not understand that they have this liability because most people are unaware of it.**

a.      UCC §1-201(24),  §3-104, §3-306, §3-105,

b.      UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.      UCC §§9-102(9), (11), (12)(B), (49), (64)

d.      12 USC 1813(l)(1)

3.4 The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

3.5 The defendant's never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

3.6 The defendant's did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

3.7 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343,   46 CFR 67.250, §9-102(52), §9-317, §9-322

3.8 Plaintiff demanded the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

3.9 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security that violation provides a right to rescission of the contract pursuant to Statutes.

## IV. DETRIMENTAL RELIANCE:

Detrimental reliance is a legal concept under the law of contracts. Ordinarily, a valid contract requires a proper exchange of consideration between the parties.

The plaintiff alleges facts establishing detrimental reliance:

4.1 The wrongful foreclosure case (that is the result of these claims) filed against the plaintiff in State Court will verify a. A promise was made between the parties. b. The plaintiff reliance on the promise was reasonable or foreseeable. c. There was actual and reasonable reliance on the promise. d. The reliance was detrimental. Injustice can only be prevented by enforcing the promise

4.2 The plaintiff signed a lien against his property in return for a loan and no loan was ever provided.

4.3 The plaintiff was tricked into repaying $601.01/plus $252.62 a month plus Mandi Marie Funk was double charges for taxes for 5 years and 7 months, and paid for insurance to Carmen Romo to Carmen Romos control; of the insurance. National Lloyds Insurance Declarations page first seen Sept 2017, emailed to Mandi Marie Funk is a fraud, a scheme for the insurance only covered a one story house, the subject property is a two story house. Later in "discovery" for case 2017CI22565 MANDI FUNK v CARMEN ROMO in Bexar County District Court 288, the insurance policy Carmen Romo was charging Mandi Funk for every month was held at the same insured value of $77000.00 every year from 2012 thru 2017, this information was supplied by the Defendants , this all occurring when there was never any loan provided.

4.4 Plaintiff Mandi Marie Funk has attempted to contact, gain rightful information about the accounting on the "loan" , to further assist with a forced refinance on plaintiff.. The original contract signed had no need for refinance. Plaintiff has 9 Qualified Written Request Letters mailed to Carmen Romo at correct public address, certified which were returned to Mandi Marie

Funk opened. One was refused. There are over 30 attempts by certified mail written as QWR Letters to the defendants none of which gained a response.

4.5 The payments made to the defendant's interfered with the Plaintiff opening her new business, providing for his children's education because of the payments made to the defendants for the fake loan.

4.6 The payments to the defendant's for the fake loan caused the plaintiff to be short of money to pay bills on time which caused the plaintiff's credit score to drop, which blocked plaintiff from getting the best financing, jobs, and plaintiff has even blocked from qualifying for housing and credit cards. Plaintiff has had an obscene amount of new information put on her credit reports old and false which coinidently arised when the first Notice Of Substitute Trustee Sale Notice came.

## IV. THIRD CLAIM UNLAWFUL DECEPTION IN THE ORIGINAL FORECLOSURE CASE:

4.1 The promissory note used to gain the court's jurisdiction in this wrongful foreclosure is fraudulent, the document was used by Carmen Romo/Oscar Cantu as a security when it was never registered.

4.2 The Original promissory note signed to lien the property was the real source of the alleged loan.

4.3 Fact is the money Carmen Romo is claiming was a loan was generated by the plaintiff's signature.

## V. FOURTH CLAIM RICO:

5.1 In a Debtor's RICO action against its creditor, alleging that the creditor had collected an unlawful debt, an interest rate (where all loan charges were added together) that exceeded, in the language of the RICO Statute, "twice the enforceable rate," the Court found no reason to impose a requirement that the Plaintiff show that the Defendant had been convicted of collecting an unlawful debt, running a "loan sharking" operation. Also shown through transcripts of case 2017CI22565 MANDI FUNK v CARMEN ROMO.

5.2 The debt included the fact that exaction of a usurious interest rate rendered the debt unlawful and that is all that is necessary to support the Civil RICO action. Durante Bros. & Sons, Inc. v. Flushing Nat. Bank, 755 F.2d 239, cert. denied, 473 US 906 (1985).

5.3 The Supreme Court found that the Plaintiff in a civil RICO action need establish only a criminal "violation" and not a criminal conviction. Further, the Court held that the Defendant need only have caused harm to the Plaintiff by the commission of a predicate offense in such a way as to constitute a "pattern of Racketeering activity." That is, the Plaintiff need not demonstrate that the Defendant is an organized crime figure, a mobster in the popular sense, or that the Plaintiff has suffered some type of special Racketeering injury; all that the Plaintiff must show is what the Statute specifically requires.

5.4 The RICO Statute and the civil remedies for its violation are to be liberally construed to effect the Congressional purpose as broadly formulated in the statute. Sedima, SPRL v. Imrex Co., 473 US 479 (1985)

## VI. FIFTH CLAIM: WRONGFUL FORECLOSURE

6.1 As a proximate result of the negligent or reckless conduct of Carmen Romo, Oscar Cantu Jr, Law Offices of Oscar Cantu the plaintiff' have suffered  the eminent loss of their property despite the fact that Carmen Romo never made a real loan. The Appointment of Trustee(Exhibit "A") was filed after the sale of subject property making the sale defective making the sale wrongful for there was no correct authority  to preform such sale  further more making every previous threat; notice of trustee sale wrongful the facts of the notice not following as it should the deed of trust. The self serving bidding by Carmen Romo along with the inflated value of subject property creating a high defiency judgment/debt on Mandi Marie Funk. Subject property has not been physicaly appraised in at least 9 years. The legal descriptions of subject property in the Substitute of Trustee Sale, the Appointment of Substitute Trustee, The Trustee Deed all contain a legal description conflicting with the legal description in the deed of trust, and the wrap around warranty deed and the original contract signed creating a wrongful foreclosure, a defective sale.

6.2 The foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the "Notice of Notice of Default and Election To Sell" civil document has a "Fatal Flaw" which robbed the legal system of Jurisdiction and the wrongful foreclosure is unlawful. The exhibits "B" a copy of the deed of trust will show who the alleged trustee is not the person who executed the power of sale clause, and exhibit "C" a copy of the notice of default will show the attorney's name who signed the document to execute the power of sale clause.

6.3 These documents will show the defendant who invoked the power of sale was not the true beneficiary. (See Herrera v. Federal National Mortgage Assn. (2012) 205 Cal.App.4th 1495, 1506. The plaintiff is seeking damages for wrongful foreclosure, and he has shown that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

6.4 The legal Trustee is the only person who can sign to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust was never registered into the trust, because it was bundled and sold during the securitizing process.

6.5 Unless enjoined, from eviction the plaintiff Mandi Marie Funk will suffer further irreparable harm and will not have an adequate remedy at law.

6.6 As a proximate result of the negligent actions of both defendants, the plaintiff has suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

## VII. SIXTH CLAIM: SLANDER OF TITLE

7.1 The defendants have caused to be recorded various documents including  Notice of Trustee Sales which has impaired the plaintiff's title which constitutes slander of title and the plaintiff should be awarded resulting damages to be fully proved at the time of trial.

## VIII. SEVENTH CLAIM: VIOLATION OF THE CONSUMER PROTECTION ACT

8.1 The defendants have engaged in a pattern of unfair practices in violation of the   Business and Commerce Code-BUS&COM 17.46.Deceeptive Trade Practices Unlawful subject to action by the Consumer Protection Division under Sections 17.47, 17.58, 17.60, and 17.61 of this

code.Entitling the plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

## IX. EIGHT CLAIM: SLANDER OF CREDIT

9.1 The plaintiff allege that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

## X. NINTH CLAIM INFLICTION OF EMOTIONAL DISTRESS

10.1 The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

## XI. THE ALLEDGED LOAN:

11.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a monthly payment was $852.61 including reserves for the payment of taxes and insurance.

11.2 Beginning in January 2012 with an added payment of $4387.00, paid Dec 22 2011, and $5613.00 paid along with regular monthly payment which completed the $10000.00 deposit paid off in April 2012 and regular payments of $852.61continuing until July 13 2017 the plaintiff made timely payments to Carmen Romo

11.3 On Dec 1 2016 the illegal balloon payment came due yet Carmen Romo agreed to continue accepting regular payments. The balloon payment is only allowed when the lender does not make more than 5 loans within a 12 month period. Carmen Romo under Power of Attorney, fiticious names, d/b/a/ names has a continuos habit of providing lending across Texas.

11.5 The questions regarding the alleged loan have gone unanswered creating a wide range of deception unknown by plaintiff

## XII. <u>LEGAL PREJUDICE:</u>

Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party. In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation. The plaintiff

provides evidence in the notice of default document and the Deed of trust that will prove the power of sale was executed by an agent without standing, and this prejudiced the plaintiff and therefore request damages both compensatory and punitive as relief for the prejudice suffered.

### XIII. FAILURE TO ESTABLISHING AGENCY:

The people have rights, Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981. The people exercise this right by their signature and/or Social Security Number. **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.** The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task. The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the" Agent" to prove" Agency". The "Court" must follow the "Principal" to establish "Agency". The law is simple no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

### IXV. FRAUDULANT CIVIL ACTION  FILED IN STATE COURT:

A civil action filed  in State court would be "Fraudulent" because  "Corporation" has rights, privileges, and immunities in court, common knowledge dictates a Corporation is an artificial person without natural rights. . A "Corporation" cannot sign a "Power of Attorney" or give any attorney verbal instructions to act on its behalf. Therefore, no attorney can lawfully represent any "Corporation in court".

**Wherefore,** having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court Void the foreclosure sale  on March 5 2019, based on the attorney's fraudulent misconduct mentioned in the claim, and grant damages. Due to the elements of a wrongful foreclosure being fulfilled by defendants.

2. That the actions of defendants be determined to be unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes;

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of 5.5 million dollars including costs and legal expenses;

5. That the Plaintiff be awarded consequential damages to be fully proved at the time of trial;

6. That the Plaintiff be awarded fees and costs pursuant to the written loan agreements which bind the defendants; and

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and remove the bankruptcy information that was reported to them.

_____ 4/1/2019

        Mandi Marie Funk

## CERTIFICATE OF SERVICE

I hereby certify that on the _____th day of _____, 4/1/2019, the foregoing document was filed in Court, and a copy was mailed out to Plaintiff's attorney on record.

_____ 4/1/2019

15
Wrongful Foreclosure

Mandi Marie Funk

Without Prejudice UCC 1-308

Mailed to the following:

Law Offices of Oscar Cantu

1004 S. St. Mary's Street

San Antonio, Texas 78205

Bureau of Consumer protection

Federal Trade Commission

600 Pennsylvania Ave., NW. Washington

Carmen Romo

11350 Wide Field

San Antonio, Texas 78245

**VERIFICATION:**

I' Mandi Marie Funk declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

_Mandi Marie Funk_ on this _____ th  Day, of _____ 4/1/2019

           Mandi Marie Funk


On this _31st_ day of _March, 19_ 4/1/2019 before me, the undersigned, a Notary Public in

and for the State of  Texas, personally appeared the above-signed, known to me to be the one

whose name is signed on this instrument, and has acknowledged to me that he has Executed the

same.


Signed:_____

Printed Name:_ Jay  Patel _____

My Commission Expires:_ 11/20/ 2022 _____

Date:_ 03/31/19 __ Common Law Seal:_____

> JAY PATEL
> Notary Public, State of Texas
> Comm. Expires 11-20-2022
> Notary ID 131802511

EXHIBITS

ORIGINAL RECEIVED BY

COPY

GF# 1102932986

# WRAP-AROUND
# REAL ESTATE NOTE

$91,250.00        Bexar County, Texas       <u>DEC 0 9 2011</u>

(Date)

For value received, I, we, or either of us as principals, promise to pay to the order of **CARMEN ROMO**, hereinafter called Payee or Holder, the sum of **NINETY ONE THOUSAND TWO HUNDRED FIFTY AND NO/100 DOLLARS ($91,250.00)** in legal and lawful money of the United States of America, with interest only on the sum of **$85,500.00** at the rate of **Seven and One-Half** per centum (7.50%) per annum from date hereof until maturity. Interest is payable monthly as it accrues. All past due principal and interest to bear interest at the rate above stated or eighteen per centum (18.00%) per annum, whichever is greater. This note, together with all interest and charges hereon shall be payable at such place as is designated by Holder, and is due and payable as follows, to-wit:

The sum of **$85,500.00** is due and payable as follows:
Principal and interest are due and payable in monthly installments of **$601.32**, each, on the **first** day of each and every month, beginning **January 1, 2012**, and continuing until the whole of said sum with interest has been duly paid; said payments to be applied first to the discharge of the interest accrued and the balance to the reduction of the principal. EXCEPT any amounts owing and unpaid on **December 1, 2016** shall then become due and payable.

Maker hereof agrees to pay a late charge equal to 5.00% of the above monthly installment called for herein, in the event said monthly installment is paid ten (10) days or more after same is due.

The balance of **$5,750.00**, which bears no interest until after maturity, is due and payable on or before **March 1, 2012**.

Maker hereof agrees to pay a late charge of $100.00 in addition to the above installment called for herein, in the event said installment is paid one (1) day after same is due, and Maker further agrees to pay an additional late charge of $10.00 per day for every day after said one (1) day past the due date, in the event said monthly installment is paid one (1) day or more after same is due. The late charge shall not exceed the sum of $2,000.00.

This note may be prepaid in whole or in part at any time without penalty.

In the event any default is made in the payment of any installment of principal or interest hereon, or any part thereof when due, such default shall, at the option of the holder, at once mature this note and the indebtedness evidenced hereby.

In the event default is made in the prompt payment of the whole or any part of this note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through the Probate Court, Bankruptcy, Receivership or any other judicial proceedings whatever, then the makers hereof agree and promise to pay reasonable attorney's fees which shall be not less than ten per cent (10.00%) of the amount of the principal and interest then owing hereon.

Each maker, surety and endorser of this note, to the extent not prohibited by applicable law, expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, notice of acceleration, protest and notice of protest, as to this note and as to each, every and all installments hereof. Failure to exercise the option to accelerate mentioned above shall not constitute a waiver of the right to exercise same in the event of any subsequent default.

Payment hereof is secured by a Vendor's Lien retained in Deed of even date herewith and by a Deed of Trust of even date herewith on the following described property:

**Lot 62, Block 12, HERITAGE PARK SUBDIVISION, UNIT 6, (A SMALL LOT SUBDIVISION), situated in Bexar County, Texas, according to plat thereof recorded in Volume 9509, Page 118, Deed and Plat Records of Bexar County, Texas.**

The liens securing this Note are secondary and inferior to the liens securing two (2) notes described as follows: a **$61,600.00** note described in Deed of Trust dated **April 12, 2005**, recorded in Volume **11336, Page 263**, Real Property Records of Bexar County, Texas, and a **$15,400.00** note described in Deed of Trust dated **April 12, 2005**, recorded in Volume 11336, Page 278, Real Property Records of Bexar County, Texas; the payments of which the Maker hereof has not assumed but which the Holder hereof is obligated to pay when due, and should default be made in the payments thereof, the undersigned Maker is accorded the right to cure such default and receive credit on this note, all as provided in the above mentioned Deed of Trust.

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

MANDI M. FUNK

PREPARED IN THE LAW OFFICE OF:
WEST & WEST ATTORNEYS, P.C.
2929 Mossrock, Suite 204
San Antonio, Texas 78230

10202 Barron Field, San Antonio, Texas 78245

NO. <u>2017CI 22565</u>

| | | |
|---|---|---|
| **MANDI FUNK**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **V.** | § | **288 JUDICIAL DISTRICT** |
| | § | |
| **CARMEN ROMO** | § | |
| **Defendant.** | § | **OF BEXAR COUNTY, TEXAS** |

## AGREED ORDER

By agreement of the parties, as evidenced through and by signatures of their respective attorneys of record and attorney-in-fact affixed hereto, the Notice of Substitute Trustee Sale, a copy of which is attached hereto and made a part hereof for all purposes as if recited verbatim and marked as Exhibit "A" is immediately WITHDRAWN, REVOKED AND TERMINATED. The parties further agree that Carmen Romo and her attorneys, attorneys in fact, nominees, assigns, servicing agents, employers, trustees, agents or substitute trustees are enjoined from proceeding with the nonjudicial foreclosure on June 5, 2018 and as further described in Exhibit "A".

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Notice of Substitute Trustee Sale, a copy of which is attached hereto and made a part hereof for all purposes as if recited verbatim and marked as Exhibit "A" is immediately WITHDRAWN, REVOKED AND TERMINATED.

IT IS FURTHER ORDERED that Carmen Romo and her attorneys, attorneys in fact, nominees, assigns, servicing agents, employers, trustees, agents or substitute trustees are enjoined from proceeding with the nonjudicial foreclosure on June 5, 2018 and as further described in Exhibit "A".

SIGNED on _May 25, 2018_

JUDGE PRESIDING

APPROVED AS TO FORM AND SUBSTANCE:

**ANTONIA ARTEAGA**
**DISTRICT JUDGE**
**57TH DISTRICT COURT**

Enacio B. Barretto
Attorney for Plaintiff Mandi Funk
Email: e_barretto@ebbarretto.com
1919 San Pedro Ave.
P.O. Box 15583
San Antonio, TX 78212
Tel. (210) 399-8168
Fax. (210) 587-6549

Oscar L. Cantu, Jr.
Attorney for Carmen Romo
Attorney-In-Fact for Carmen Romo
1004 S. St. Mary's
San Antonio, TX 78205
Email: r3oscar@aol.com
Tel. (210) 846-0356
Fax. (210) 941-0811

SIGNED on _____

_____
**JUDGE PRESIDING**

APPROVED AS TO FORM AND SUBSTANCE:

_____
Enacio B. Barretto
Attorney for Plaintiff Mandi Funk
Email: e_barretto@ebbarretto.com
1919 San Pedro Ave.
P.O. Box 15583
San Antonio, TX 78212
Tel. (210) 399-8168
Fax. (210) 587-6549

_____
Oscar L. Cantu, Jr.
Attorney for Carmen Romo
Attorney-In-Fact for Carmen Romo
1004 S. St. Mary's
San Antonio, TX 78205
Email: r3oscar@aol.com
Tel. (210) 846-0356
Fax. (210) 941-0811

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Date:**  May 11, 2018
**Security Agreement**
**Date:**  December 29, 2011
**Debtor:** Mandi Funk
**Lender (Secured Party):** Carmen Romo

**Collateral:**

All of Debtors' interest in the real property legally described as being CB: 4332C BLK:12 LOT 62 HERITAGE PARK UNIT-6 according to the map or plat thereof, recorded in Deed and Plat records, Bexar County, Texas;

**Note**

| | |
|---|---|
| **Date:** | December 29, 2011 |
| **Amount:** | $95,000.00 |
| **Borrowers (Obligors):** | Mandi Funk |
| **Lender (Secured Party):** | Carmen Romo |

| | |
|---|---|
| **Date of Sale:** | June 5, 2018 |
| **Place of Sale:** | 100 Dolorosa, South End of Courthouse upon the grassy area posted for foreclosure public sale or any other area as designated by the Bexar County Commissioner's Court, San Antonio, Texas |

**Time of Sale:** 10:00 a.m.
**Terms of Sale:**  Cash; Bid increments of $1,000.00

A default exists under the Security Agreement. Secured Party will sell the Collateral at public auction to the highest bidder for cash at the Place of Sale on the Date of Sale to satisfy the debt secured by the Security Agreement.  The sale will begin at the Time of Sale. The sale is for the property "as is."


Carmen Romo
Oscar L. Cantu, Jr., Attorney in Fact
1515 N. St. Mary's
San Antonio, TX 78215
(210)846-0356 / (210)-941-0811 fax


Exhibit "A"

## Appointment of Substitute Trustee

**Date**:  February 28, 2019

**Borrower**:   Mandi M. Funk

**Borrower's Address**:

**SCANNED**

10202 Barron Field
San Antonio, TX 78217

**Mortgagee**:  Carmen Romo

**Mortgagee's Address**:

1004 S St. Mary's
San Antonio, TX 78205

**Substitute Trustee**:   Oscar L. Cantu, Jr. Attorney at Law

**Substitute Trustee's Address**:

1004 S. St. Mary's, San Antonio, Texas 78205
210-846-0356 210-941-0811

**Deed of Trust**

> **Date**:  December 29, 2011
>
> **Grantor**:    Mandi M. Funk
>
> **Mortgagee**:  Carmen Romo
>
> **Recording information**:
>
> **Property**:    CB: 4332C BLK:12 LOT 62 HERITAGE PARK UNIT-6

The Deed of Trust and section 51.0075 of the Texas Property Code allow Mortgagee to remove the trustee and appoint a substitute trustee.   Mortgagee removes the present trustee and appoints Substitute Trustee as the trustee under the Deed of Trust.  Mortgagee directs Substitute Trustee to foreclose the lien of the Deed of Trust in accordance with its terms and the laws of the state of Texas.

Carmen Romo

STATE OF TEXAS                    )

COUNTY OF BEXAR                   )

This instrument was acknowledged before me on February 28, 2019, by Carmen Romo.

Notary Public

My commission expires:

12-16-2021

MIREYA M. ESTRADA
Notary Public, State of Texas
Comm. Expires 12-16-2021
Notary ID 7223319

PREPARED IN THE OFFICE OF:
AFTER RECORDING RETURN TO:

OSCAR L. CANTU, JR.
Attorney at Law
1004 S. St. Mary's St.
San Antonio, Texas 78205
Tel: (210) 846-0356
Fax: (210) 941-0811



*VG-12-2019-20190041764*

**File Information**

**FILED IN THE OFFICIAL PUBLIC RECORDS OF BEXAR COUNTY
LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

**Document Number:**        20190041764

**Recorded Date:**        March 08, 2019

**Recorded Time:**        3:47 PM

**Total Pages:**        3

**Total Fees:**        $30.00

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was FILED in File Number Sequence on this date and at the time stamped hereon by me and was duly RECORDED in the Official Public Record of Bexar County, Texas on:
3/8/2019 3:47 PM



Lucy Adame-Clark
**Lucy Adame-Clark**
**Bexar County Clerk**

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Date:** October 13, 2017
**Security Agreement**
**Date:** December 29, 2011
**Debtor:** Mandi Funk
**Lender (Secured Party):** Carmen Romo

**Collateral:**

All of Debtors' interest in the real property legally described as being CB: 4332C BLK:12 LOT 62 HERITAGE PARK UNIT-6 according to the map or plat thereof, recorded in Deed and Plat records, Bexar County, Texas:

**Note**

| | |
|---|---|
| **Date:** | December 29, 2011 |
| **Amount:** | $95,000.00 |
| **Borrowers (Obligors):** | Mandi Funk |
| **Lender (Secured Party):** | Carmen Romo |

| | |
|---|---|
| **Date of Sale:** | December 5, 2017 |
| **Place of Sale:** | 100 Dolorosa, South End of Courthouse upon the grassy area posted for foreclosure public sale or any other area as designated by the Bexar County Commissioner's Court, San Antonio, Texas |

**Time of Sale:** 10:00 a.m.
**Terms of Sale:** Cash; Bid increments of $1,000.00

A default exists under the Security Agreement. Secured Party will sell the Collateral at public auction to the highest bidder for cash at the Place of Sale on the Date of Sale to satisfy the debt secured by the Security Agreement. The sale will begin at the Time of Sale.

Carmen Romo
Oscar L. Cantu, Jr., Attorney in Fact
1515 N. St. Mary's
San Antonio, TX 78215
(210)472-3900



MOVANT'S
EXHIBIT
2

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Date:** October 13, 2017
**Security Agreement**
**Date:** December 29, 2011
**Debtor:** Mandi Funk
**Lender (Secured Party):** Carmen Romo

PI2-20171200358-1

**Collateral:**

All of Debtors' interest in the real property legally described as being CB: 4332C BLK:12 LOT 62 HERITAGE PARK UNIT-6 according to the map or plat thereof, recorded in Deed and Plat records, Bexar County, Texas;

**Note**

| | |
|---|---|
| **Date:** | December 29, 2011 |
| **Amount:** | $95,000.00 |
| **Borrowers (Obligors):** | Mandi Funk |
| **Lender (Secured Party):** | Carmen Romo |
| | |
| **Date of Sale:** | December 5, 2017 |
| **Place of Sale:** | 100 Dolorosa, South End of Courthouse upon the grassy area posted for foreclosure public sale or any other area as designated by the Bexar County Commissioner's Court, San Antonio, Texas |

**Time of Sale:** 10:00 a.m.
**Terms of Sale:** Cash; Bid increments of $1,000.00

A default exists under the Security Agreement. Secured Party will sell the Collateral at public auction to the highest bidder for cash at the Place of Sale on the Date of Sale to satisfy the debt secured by the Security Agreement. The sale will begin at the Time of Sale.

Carmen Romo
Oscar L. Cantu, Jr., Attorney in Fact
0515 N. St. Mary's
San Antonio, TX 78215
(210)472-3900

Doc# 20171200358 Fees: $3.00
11/14/2017  1:53PM # Pages 1
Filed & Recorded in the Official
Public Records of  BEXAR COUNTY
GERARD C. RICKHOFF COUNTY CLERK

# OSCAR L. CANTU, JR.

Attorney at Law
1004 S. St. Mary's, San Antonio, TX 78205
(210)846-035 Phone  (210)941-0811 Fax

`5/15/2018`

May 15, 2018

Mandi Funk
10202 Barron Field
San Antonio, TX 78245

Re:     Wrap-Around Promissory Note executed 12-29-11 with Carmen Romo

Ms. Funk

The above referenced note matured on 12-1-16 resulting in a balance due of $87,144.08. In addition, this not has been accelerated by virtue of full maturity in December. The entire amount is due. This amount is tendered to you without late fees or monthly payments for 6 months. The late fees were dropped from demand in negotiation with your counsel Lance Geppardt.

Demand is made for the timely payment of all unpaid principal and all accrued but unpaid interest. Please contact Oscar L. Cantu, Jr. for the current payoff instructions at my address above.

Please be advised that if the payment is not received by 6-4-18, the mortgagee will exercise its rights under the loan documents and foreclose the loan at public sale, Tuesday, June 5, 2018 at 10:00 a.m.

In accordance with federal and Texas laws regarding fair debt collections, unless you, within thirty days after receipt of this notice, dispute the validity of the debt set forth above, or any portion thereof, the indebtedness will be assumed to be valid. If you notify the undersigned in writing within the thirty-day period that the indebtedness, or any portion thereof, is disputed, I will obtain a verification of the indebtedness and will mail that verification to you. On my receipt of your written request within the thirty-day period, I will forward to you the name and address of the original creditor, if different from the current creditor.

I am attempting to collect this indebtedness, and any information obtained will be used for that purpose. This letter is being sent to your attention in accordance with state and federal law. If you have any questions, please consult your legal counsel.

Sincerely yours,

Oscar L. Cantu, Jr.
Attorney in fact for Carmen Romo

Certified Mail No. 70170190000070467049

## OSCAR L. CANTU, JR.

Attorney at Law
1004 S. St. Mary's, San Antonio, TX 78205
(210)846-0356 Phone  (210)941-0811 Fax

**1/15/2019**

Mandi Funk
10202 Barron Field
San Antonio, TX 78245

Re:     Wrap-Around Promissory Note executed 12-29-11 with Carmen Romo

Ms. Funk

The above referenced note matured on 12-1-16 resulting in a balance due of $87,144.08. since that time, Ms. Romo waived late fees and penalties and extended an offer to settle by March of 2018 in the amount of $88,546.00. This is remarkable as you have been living payment free in that house since October of 2016 and Ms. Romo has been paying the mortgage, insurance and taxes due for you. That must end now. You have filed three TRO's or had the sale stopped that many times, two attorneys with litigation in State Court and filed a pro se bankruptcy in which you judicially admitted to the debt as valid.

Enclosed is the complete production from the litigation you filed giving you all of the documents that were sent to your counsel(s) and in response to any frivolous and baseless denials of the debt or note. You cannot deny the note to me and admit it to the Bankruptcy Court. Demand is made for the timely payment of all unpaid principal and all accrued but unpaid interest and costs of collection.  To date that amount is itemized as follows:

| | |
|---|---|
| Base Amount due as of maturity | $ 88,546.00 |
| Unpaid principle post maturity (18%) | $ 34,745.45 (24 mo at 18% annually) |
| Subtotal | $123,291.45 |
| Attorney's fees | $ 12,300.00 (4 tro appearances 1,200; District Crt Litigation 5,000; BK monitor 2,500) |
| Costs | $     126.00 |
| Total Due 1/2019 | $ 135,717.45 |

Please contact Oscar L. Cantu, Jr. for the current payoff instructions at my address above.

Please be advised that if the payment is not received by 2-4-19, the mortgagee will exercise its rights under the loan documents and foreclose the loan at public sale, Tuesday, February 5, 2019 at 10:00 a.m.

In accordance with federal and Texas laws regarding fair debt collections, unless you, within thirty days after receipt of this notice, dispute the validity of the debt set forth above, or any portion

thereof, the indebtedness will be assumed to be valid.  If you notify the undersigned in writing within the thirty-day period that the indebtedness, or any portion thereof, is disputed, I will obtain a verification of the indebtedness and will mail that verification to you.  On my receipt of your written request within the thirty-day period, I will forward to you the name and address of the original creditor, if different from the current creditor.

I am attempting to collect this indebtedness, and any information obtained will be used for that purpose.  This letter is being sent to your attention in accordance with state and federal law. If you have any questions, please consult your legal counsel.

Sincerely yours,


Oscar L. Cantu, Jr.
Attorney in fact for Carmen Romo


Encl - 45 pages discovery, accounting notes and deed of trust, Notice of Sale

Certified Mail No. 7017 0190 0000 7046 7315
Return Receipt Requested

## NOTICE OF SUBSTITUTE TRUSTEE SALE

**Date:** February 8, 2019
**Security Agreement**
**Date:** December 29, 2011
**Debtor:** Mandi Funk
**Lender (Secured Party):** Carmen Romo

**Collateral:**

All of Debtors' interest in the real property legally described as being CB: 4332C BLK:12 LOT 62 HERITAGE PARK UNIT-6 according to the map or plat thereof, recorded in Deed and Plat records, Bexar County, Texas;

**Note**

| | |
|---|---|
| **Date:** | December 29, 2011 |
| **Amount:** | $95,000.00 |
| **Borrowers (Obligors):** | Mandi Funk |
| **Lender (Secured Party):** | Carmen Romo |

| | |
|---|---|
| **Date of Sale:** | March 5, 2019 |
| **Place of Sale:** | 100 Dolorosa, South End of Courthouse upon the grassy area posted for foreclosure public sale or any other area as designated by the Bexar County Commissioner's Court, San Antonio, Texas |

**Time of Sale:** 10:00 a.m.
**Terms of Sale:** Cash; Bid increments of $1,000.00

A default exists under the Security Agreement. Secured Party will sell the Collateral at public auction to the highest bidder for cash at the Place of Sale on the Date of Sale to satisfy the debt secured by the Security Agreement. The sale will begin at the Time of Sale. The sale is for the property "as is."

Carmen Romo
Oscar L. Cantu, Jr., Attorney in Fact
1004 S. St. Mary's St.
San Antonio, TX 78205
(210)846-0356 / (210)-941-0811 fax

## OSCAR L. CANTU, JR.

Attorney at Law
1004 S. St. Mary's, San Antonio, TX 78205
(210)846-0356 Phone  (210)941-0811 Fax

Mandi Funk
10202 Barron Field
San Antonio, TX 78245

Re:    Wrap-Around Promissory Note executed 12-29-11 with Carmen Romo

Ms. Funk

        You have previously claimed to dispute this note and the billing. In response, you were provided in February in our packet #7017 0190 0000 7046 7315 with a complete copy of the accounting, your payment history and the balance owed. You admitted to the Bankruptcy Court that you owed this money and the issue is over. Simply sending disputes you get from the internet will not change the fact that you have admitted the debt and the fact that the note is matured and in default.

        Accordingly, I am enclosing a copy of that letter and the Notice of Sale for March 5, 2019 at 10:00 a.m.  Total Due 2/2019                  $ 135,717.45  Please contact Oscar L. Cantu, Jr. for the current payoff instructions at my address above.

        Please be advised that since the payment was not received by 2-4-19, the mortgagee will exercise its rights under the loan documents and foreclose the loan at public sale, Tuesday, March 5, 2019 at 10:00 a.m.

        In accordance with federal and Texas laws regarding fair debt collections, unless you, within thirty days after receipt of this notice, dispute the validity of the debt set forth above, or any portion thereof, the indebtedness will be assumed to be valid.  If you notify the undersigned in writing within the thirty-day period that the indebtedness, or any portion thereof, is disputed, I will obtain a verification of the indebtedness and will mail that verification to you.  On my receipt of your written request within the thirty-day period, I will forward to you the name and address of the original creditor, if different from the current creditor.

        I am attempting to collect this indebtedness, and any information obtained will be used for that purpose.  This letter is being sent to your attention in accordance with state and federal law. If you have any questions, please consult your legal counsel. You are not entitled to the relief you claim as Ms. Romo is collecting her own debt you owe her. This is not a third party debt collection case. I do not have to advise you of my credentials beyond the fact that I am her attorney in fact.

                                        Sincerely yours,

Cmrrr 7012 2920 0002 1472 0209                 Oscar L. Cantu, Jr.
                                        Attorney in fact for Carmen Romo

**Trustee's Deed**

**Date:**   March 5, 2019

SCANNED

**Trustee:**   Oscar Luis Cantu, Jr.

**Deed of Trust**
    **Date:**   December 29, 2011
    **Grantor:**   Mandi M. Funk
    **Mortgagee:**   Carmen Romo
    **Recording information:**   Book 15284 Page 2281
    **Property:**

    CB 4332C Lot 62, Block 12 HERITAGE PARK UNIT – 6 according to the map or plat thereof, recorded in Deed and Plat records, Bexar County Texas

**Note(s)**
    **Date:**   December 29, 2011
    **Principal amount:**   $85,000.00
    **Borrower:**   Mandi M. Funk
    **Mortgagee:**   Carmen Romo

    **Date:**   December 29, 2011
    **Principal amount:**   $5,750.00
    **Borrower:**   Mandi M. Funk
    **Mortgagee:**   Carmen Romo

**Date of Sale** (first Tuesday of month):   March 5, 2019

**Time of Sale**: 10:00 a.m.

**Place of Sale**: South End of the Bexar County Courthouse

**Buyer:**   Carmen Romo

**Buyer's Mailing Address:**
    11350 Widefield Lane
    San Antonio, TX 78245
**Amount of Sale:**   **$88,000.00**

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the affidavit attached to this deed and incorporated in it by this reference

Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code.  In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction, for the Amount of Sale.  The sale was made on the Date of Sale, began at the Time of Sale or not later than three hours thereafter, and was concluded by 1:00 p.m.

Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the Amount of Sale paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever.  Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

_____
Oscar Luis Cantu, Jr.

STATE OF TEXAS          )

COUNTY OF BEXAR          )

This instrument was acknowledged before me on March 5, 2019, by Oscar Luis Cantu, Jr., Trustee.

MIREYA M. ESTRADA
Notary Public, State of Texas
Comm. Expires 12-16-2021
Notary ID 7223319

_____
Notary Public, State of Texas
My commission expires: 12-16-2021

PREPARED IN THE OFFICE OF:

Oscar Luis Cantu Jr Attorney at Law
1004 S St Mary's St.
San Antonio, Texas 78205
Tel: (210) 846-0356
Fax: (210) 941-0811
R3Oscar@aol.com

Doc# 20190041765 03/08/2019 3:47PM Page 3 of 3 Lucy Adame-Clark, Bexar County Clerk



*VG-42-2019-20190041765*

**File Information**

**FILED IN THE OFFICIAL PUBLIC RECORDS OF BEXAR COUNTY**
**LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

| | |
|---|---|
| **Document Number:** | 20190041765 |
| **Recorded Date:** | March 08, 2019 |
| **Recorded Time:** | 3:47 PM |
| **Total Pages:** | 3 |
| **Total Fees:** | $30.00 |

### ** THIS PAGE IS PART OF THE DOCUMENT **

### ** Do Not Remove **

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was FILED in File Number Sequence on this date and at the time stamped hereon by me and was duly RECORDED in the Official Public Record of Bexar County, Texas on:
3/8/2019 3:47 PM



**Lucy Adame-Clark**
**Bexar County Clerk**

# LAW OFFICES OF OSCAR CANTU

## 1004 S. ST. MARY'S STEET
### SAN ANTONIO, TEXAS 78205
### TEL: 210.846.0811
### FAX: 210.941.0811

**March 16, 2019**

**regular first class mail**

Mandi Funk
10202 Barron Field
San Antonio, TX 78245

Re:     Wrap-Around Promissory Note executed 12-29-11 with Carmen Romo

Ms. Funk

RE: Foreclosure Sale of 10202 Barron Field

Ms. Funk and any occupants:

Enclosed is a copy of the Substitute Trustee's Deed executed on the above referenced property sold at foreclosure on March 5, 2019. This property is now the property of Carmen Romo. Please vacate within three (3) days immediately or formal eviction proceedings will be initiated against you. This is not, at this time, any attempt to collect upon a debt. If you are in bankruptcy the owner has determined that there is no automatic stay upon the property nor was notice received prior to the date of the sale. No collection other than possession is made at this time but none is waived or abandoned.

If you have any questions or comments, please contact me to discuss. Please acknowledge that time is of the essence.

Oscar L. Cantu,
Attorney

# PAYMENT INFORMATION
## OWNER CARRY NOTES

Principal & Interest (note payment)                                    $ _____

Taxes per year $_____ divided by twelve (12)               $ _____
for one month = monthly tax deposit

Insurance per year $_____ divided by twelve                $ _____
(12) for one month = monthly insurance deposit

**Total of the above – Total Monthly Payment**                       $ 852.66

Make checks payable to:

_CARMEN ROMO_____

Mail to the following address:

_11350 WINDFIELD LN_____

_SAN ANTONIO, TX 78245_____

One year of insurance must be prepaid, and proof brought to the closing.  If the Seller has waived
the requirement for insurance to be on the table at closing, then the Seller must sign below.

Payments Accepted and Agreed:                    If insurance at closing is waived Seller must
                                                 also sign:

_____            _____
MANDI M. FUNK                                    CARMEN ROMO

Buyer                                            Seller

Scanned by CamScanner

GF# 1102932986

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# WRAP-AROUND DEED OF TRUST

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF BEXAR | § | |

That MANDI M. FUNK, hereinafter called Grantors (whether one or more), in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) to said Grantors paid by the Trustee hereinafter stated, the receipt of which is hereby acknowledged and of the further consideration of the uses, purposes and trust hereinafter recited, have GRANTED, SOLD and CONVEYED and by these presents do GRANT, SELL and CONVEY unto NORTH O. WEST, Trustee, of Bexar County, Texas, hereinafter called Trustee and also to the substitute trustee as hereinafter provided, the following described land, situated in Bexar County, Texas:

> Lot 62, Block 12, HERITAGE PARK SUBDIVISION, UNIT 6, (A SMALL LOT SUBDIVISION), situated in Bexar County, Texas, according to plat thereof recorded in Volume 9509, Page 118, Deed and Plat Records of Bexar County, Texas;

together with all the improvements now on said land and all improvements that may be placed thereon during the existence of this lien; and all income and rents arising therefrom for the use thereof after the maturity of the indebtedness hereby secured.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights, privileges, easements and appurtenances thereto in anywise belonging, unto the said Trustee and to his successors and assigns and the assigns of any successor or substitute trustee hereunder, in fee simple title forever.

And the Grantors do hereby bind themselves, their heirs, executors and administrators, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said Trustee and his successors and assigns and the assigns of any successor or substitute trustee hereunder, against every person whomsoever lawfully claiming or to claim the same or any part thereof. And the Grantors specially warrant that they are lawfully seized in fee of each and all of the above described tracts of land, subject only to the exceptions hereinafter expressly set forth, and have full and complete right to convey and encumber the same; that they have not conveyed the same or any part thereof, or any right, title or interest therein, to any other person prior to making this conveyance, and that each of the above described tracts of land is free from encumbrance, except as hereinafter expressly set forth.

THIS CONVEYANCE IS IN TRUST to secure to CARMEN ROMO, hereinafter called Beneficiary (whether one or more), in the payment of an indebtedness evidenced by a promissory note of even date herewith, executed by Grantors herein for the sum of NINETY ONE THOUSAND TWO HUNDRED FIFTY AND NO/100 DOLLARS ($91,250.00), payable to the order of CARMEN ROMO, whose mailing address is as hereinafter set forth, and is due and payable as follows:

### DUE AND PAYABLE AS SET OUT IN SAID NOTE PROVIDED;

bearing interest as therein stipulated, providing for acceleration of maturity and for Attorney's fees;

Should Grantors do and perform all of the covenants and agreements herein contained, and make prompt payment of said indebtedness as the same shall become due and payable, then this conveyance shall become null and void and of no further force and effect, and shall be released at the expense of Grantors by the then holder of said note.

Grantors covenants and agrees as follows:

That they are lawfully seized of said property, and have the right to convey the same, that said property is free from all liens and encumbrances, except as herein provided.

To protect the title and possession of said property and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first and prior lien on said property including any improvements hereafter made a part of the realty.

To not permit the removal or demolition of the improvements on said property and to keep them in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

1                    10202 Barron Field, San Antonio, Texas 78245

To insure and keep insured all improvements now or hereafter created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of the indebtedness hereby secured, to the extent of the original amount of the indebtedness hereby secured, or to the extent of the full insurable value of said improvements, whichever is the lesser, in such form and with such insurance Company or Companies as may be approved by Beneficiary, and to deliver to Beneficiary the policies of such insurance having attached to said policies such mortgage indemnity clause as Beneficiary shall direct; to deliver renewals of such policies to Beneficiary at least ten (10) days before any such insurance policies shall expire; any proceeds which Beneficiary may receive under any such policy, or policies, may be applied by Beneficiary, at his option, to reduce the indebtedness hereby secured, whether then matured or to mature in the future, and in such manner as Beneficiary may elect, or Beneficiary may permit Grantors to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantors shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the prior lien of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at his option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the prior lien of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all sums paid for insurance premiums, as aforesaid, including the costs, expenses and Attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall bear interest from the dates of such payments at the maximum rate allowable by applicable law, and shall be paid by Grantors to Beneficiary upon demand, at the same place at which the above described note is payable, and shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of default in the payment of any installments, principal or interest, of the note hereby secured, in accordance with the terms hereof, or of a breach of any of the covenants herein contained to be performed by Grantors, then and in any of such events Beneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of default in the payment of said indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; and after advertising the time, place and terms of the sale of the above described and conveyed property, then subject to the lien hereof, for at least twenty-one (21) days preceding the date of sale by posting written or printed notice thereof at the Courthouse door of the county where said real property is situated, which notice may be posted by the Trustee acting, or by any person acting for him, and the Beneficiary (the holder of the indebtedness secured hereby) has, at least twenty-one (21) days preceding the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the indebtedness secured by this Deed of Trust according to the records of Beneficiary, by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by the records of Beneficiary, in a post office or official depository under the care and custody of the United States Postal Service, the Trustee shall sell the above described property, then subject to the lien hereof, at public auction in accordance with such notice at the Courthouse door of said county where such real property is situated (provided where said real property is situated in more than one county, the notice to be posted as herein provided shall be posted at the Courthouses door of each of such counties where said real property is situated, and said above described and conveyed property may be sold at the courthouse door of any one of such counties, and the notices so posted shall designate the county where the property will be sold), on the first Tuesday in any month between the hours of ten o'clock A.M. and four o'clock P.M. to the highest bidder for cash, selling all of the property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the Purchaser or Purchasers, with general warranty binding Grantors, their heirs and assigns; and out of the money arising from such sale, the Trustee acting shall pay first, all the expenses of advertising the sale and making the conveyance, including a commission of five per cent (5%) to himself, which commission shall be due and owing in addition to the attorney's fees provided for in said note, and then to Beneficiary the full amount of principal and interest, attorney's fees and other charges due and unpaid on said note and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantors, their heirs or assigns; and the recitals in the conveyance to the Purchaser or Purchasers shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against Grantors, their heirs and assigns.

It is agreed that in the event of a foreclosure hereunder should be commenced by the Trustee, or his substitute or successor, Beneficiary may at any time before the sale of said property direct the said Trustee to abandon the sale, and may then institute suit for the collection of said note, and for the foreclosure of this Deed of Trust lien or any Vendor's Lien existing in favor of Beneficiary, it is further agreed that if Beneficiary should institute a suit for the collection thereof, and for a foreclosure of this Deed of Trust lien or any said Vendor's Lien, that he may at any time before the entry of a final judgment in said suit dismiss the same, and require the Trustee, his substitute or successor to sell the property in accordance with the provisions of this Deed of Trust.

Beneficiary shall have the right to purchase at any sale of the property, being the highest bidder and to have the amount for which such property is sold credited on the debt then owing.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, or a successor trustee, to act instead of the Trustee named herein without formality other than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute and successor trustee shall succeed to all of the rights and powers of the original trustee named herein.

In the event any sale is made of the above described property, or any portion thereof, under the terms of this Deed of Trust, Grantors, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchaser at such sale, and in the event of their failure to do so they shall thereupon from and after the making of such sale be and continue as tenants at will of such Purchaser, and in the event of his failure to surrender possession of said property upon demand, the Purchaser its successors, heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

It is agreed that the lien hereby created shall take precedence over and be a prior lien to any other lien of any character whether vendor's, materialmen's or mechanic's lien hereafter created on the above described property, and in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid.

It is further agreed that if Grantors, their heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described be taken over by a Receiver for Grantors, their heirs or assigns, the note hereinabove described shall, at the option of Beneficiary, immediately become due and payable, and the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

As further security for the payment of the hereinabove described indebtedness, Grantors hereby transfer, assign, and convey unto Beneficiary all rents issuing or to hereafter issue from said real property, and in the event of any default in the payment of said note or hereunder, Beneficiary, Beneficiary's agent or representative, is hereby authorized, at Beneficiary's option, to collect said rents, or if such property is vacant to rent the same and collect the rents, and apply the same, less the reasonable costs and expenses of collection thereof, to the payment of said indebtedness, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. The collection of said rents by Beneficiary shall not constitute a waiver of Beneficiary's right to accelerate the maturity of said indebtedness nor of his right to proceed with the enforcement of this Deed of Trust.

It is agreed that an extension, or extensions, may be made of the time of payment of all, or any part, of the indebtedness secured hereby, and that any part of the above described real property may be released from this lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior encumbrancer, mortgagee or purchaser, or any person acquiring an interest in the property hereby conveyed, or any part thereof; it being the intention of the parties hereto to preserve this lien on the property herein described and all improvements thereon, and that may be hereafter constructed thereon, first and superior to any liens that may be placed thereon, or that may be fixed, given or imposed by law thereon after the execution of this instrument notwithstanding any such extension of the time of payment, or the release of a portion of said property from this lien.

In the event any portion of the indebtedness hereinabove described cannot be lawfully secured by this Deed of Trust lien on said real property, it is agreed that the first payments made on said indebtedness shall be applied to the discharge of that portion of said indebtedness.

Beneficiary shall be entitled to receive any and all sums which may become payable to Grantors for the condemnation of the hereinabove described real property, or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may be awarded or become payable to Grantors for damages caused by public works or construction on or near the said property. All such sums are hereby assigned to Beneficiary, who may, after deducting therefrom all expenses actually incurred, including attorney's fees, release same to Grantors or apply the same to the reduction of the indebtedness hereby secured, whether then matured or to mature in the future, or on any money obligation hereunder, as and in such manner as Beneficiary may elect. Beneficiary shall not be, in any event or circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of any such sums.

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the applicable law on the principal indebtedness hereby secured or on any money obligation hereunder and in no event shall Grantors be obligated to pay interest thereon in excess of such rate.

To the extent allowed by applicable law, this conveyance is made for the security and enforcement of the payment of said indebtedness as well as any and all other sums of money which may be advanced for or loaned to Grantors by the payee or other holder and owner of the above described note, herein called Beneficiary.

If this Deed of Trust is executed by only one person or by a corporation the plural reference to Grantors shall be held to include the singular and all of the covenants and agreements herein undertaken to be performed by and the rights conferred upon the respective Grantors named herein, shall be binding upon and inure to the

benefit of not only said parties respectively but also their respective heirs, executors, administrators, grantees, successors and assigns.

The indebtedness, the payment of which is hereby secured is in part payment of the purchase price of the property herein described and is also secured by vendor's lien thereon retained in deed of even date herewith to the undersigned, and this Deed of Trust is given as additional security for the payment of said indebtedness.

It is stipulated and agreed that the lien created by this Deed of Trust is secondary and inferior to the liens securing those two (2) certain promissory notes described as follows: one in the original principal sum of **$61,600.00**, dated **April 12, 2005**, payable to the order of **FIRST FRANKLIN A DIVISION OF INT. CITY BANK OF IN**, secured by and more fully described in a Deed of Trust of even date therewith recorded in Volume 11336, Page 263, Real Property Records of Bexar County, Texas, and one in the original principal sum of **$15,400.00**, dated **April 12, 2005**, payable to the order of **FIRST FRANKLIN A DIVISION OF INT. CITY BANK OF IN**, secured by and more fully described in a Deed of Trust of even date therewith recorded in Volume 11336, Page 278, Real Property Records of Bexar County, Texas; which indebtednesses the Grantors herein have not assumed, but which the Beneficiary herein is obligated to pay, as and when due, and as provided in the hereinbefore mentioned Deed, and in the event said Beneficiary fails to pay when due any installment(s) falling due thereon, then, so long as the Grantors are not in default in the payment of the note hereby secured, or in default in the performance of the covenants of this Deed of Trust, Grantors herein shall have the right to pay any such delinquent installment or installments and receive credit upon the note hereby secured for all sums so paid, and in such manner as the Grantors may direct, as of the date of such payment. When the note hereby secured is paid in full, it shall be the obligation of Beneficiary to pay off said **$61,600.00** and **$15,400.00** notes and secure and file for record in the office of the County Clerk of Bexar County, Texas, releases of the liens securing same.

Grantors agree that in order more fully to protect Beneficiary they will deposit with Beneficiary in addition to the monthly payments herein required, until all sums secured by this Deed of Trust are fully paid, one-twelfth (1-12) of the amount (as estimated by Beneficiary at the beginning of each year) needed to pay taxes, insurance premiums and other charges herein assumed by Grantors that will become due and payable during the ensuing year. Beneficiary shall hold such deposits in trust without any allowance of interest, and shall pay all taxes, insurance premiums and other charges from such fund as the same become due and payable. If at any time the balance in said fund is insufficient to make such payments, Beneficiary shall advise Grantors of the deficiency and Grantors shall, within ten (10) days after such notice, deposit with Beneficiary such additional sums as may be necessary. Failure to make the monthly deposit or any supplemental deposit when demanded by Beneficiary, shall constitute a breach and default hereunder.

If all or any part of the Property is sold, conveyed, leased for a period longer than three (3) years, leased with an option to purchase, or otherwise sold (including any contract for deed) without the prior written consent of the Beneficiary herein, then the Beneficiary herein at their option may declare the outstanding principal balance of said note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between Grantor, the passage of title by reason of the death of a Grantor or by operation of law shall not be construed as a sale or conveyance of the Property.

EXECUTED ON THE FOLLOWING DATE: DEC 0 9 2011

_Mandi M. Funk_
MANDI M. FUNK

(ACKNOWLEDGEMENT)

STATE OF TEXAS §
COUNTY OF BEXAR §

This instrument was ACKNOWLEDGED before me, on this the 22 ND day of DECEMBER, 20 11, by MANDI M. FUNK.

Notary Public, State of Texas

PATRICK ARMSTRONG
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
04-20-2014

BENEFICIARY'S MAILING ADDRESS:
AFTER RECORDING RETURN TO
BENEFICIARY AT:
Carmen Romo
11350 Widefield Lane
San Antonio, Texas 78245

PREPARED IN THE OFFICE OF:
WEST & WEST ATTORNEYS, P.C.
2929 Mossrock, Suite 204
San Antonio, Texas 78230

4          10202 Barron Field, San Antonio, Texas 78245

Doc# 20110230748
# Pages 5
12/28/2011   10:31AM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD C. RICKHOFF
COUNTY CLERK
Fees $28.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
12/28/2011   10:31AM
COUNTY CLERK, BEXAR COUNTY TEXAS

